PEOPLE ex rel. HOROWITZ v. COGGEY, Correction Com'r.

(Supreme Court, Special Term, New York County. December, 1908.)

MANDAMUS (§ 61*) — VIOLATION OF TENEMENT HOUSE ACT — ORDER FOR DISCHARGE.

 Where a person has been convicted for violation of Tenement House Act (Laws 1901, p. 920, c. 334) § 141, the commissioner of correction must, under Greater New York Charter (Laws 1901, pp. 297, 298, c. 466) §§ 708, 710, order the discharge of such person within 5 days thereafter if not previously convicted, and on failure so to do mandamus will be granted.

 [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 122–126; Dec. Dig. § 61.*]

Motion by the People, on the relation of one Horowitz, for a writ of mandamus against one Coggey, Commissioner of Correction of the City of New York. Motion granted.

Order modified on appeal. See 115 N. Y. Supp. 836.

Moses H. Rothstein, for relator.

Francis K. Pendleton (J. F. O'Brien, of counsel), for respondent.

SEABURY, J. Although the relator was convicted on August 29, 1908, of a violation of section 141 of the tenement house act (Laws 1901, p. 920, c. 334), it appears without dispute that no certificate, such as that required by sections 708 and 710 of the Greater New York charter (Laws 1901, pp. 297, 298, c. 466) was prepared by the commissioner of correction of the city of New York, and transmitted to the superintendent or warden of the workhouse, where she is now confined. Section 141 of the tenement house act provides that a person violating that section—

"shall be deemed a vagrant and upon conviction thereof shall be committed to the county jail for a term not exceeding six months from the date of commitment. The procedure in such case shall be the same as that provided for by law for other cases of vagrancy."

By section 710 of the Greater New York charter it is made the duty of the commissioner of correction to prepare and transmit a written order to the superintendent, warden, or sheriff having charge of the institution to which the vagrant is committed, which shall disclose whether the vagrant is committed for a first or second offense. If the commitment is for the first offense within a period of 2 years, the commissioner of correction is required to make an order directing that she be discharged at the expiration of 5 days, and if for a second offense within that time she shall be discharged at the expiration of 20 days. If the vagrant shall have been previously convicted two or more times within that period, the order shall direct her discharge—

"at the expiration of a period equal to twice the term of his detention under the last previous commitment, but not in any event exceeding the period fixed by the warrant of the commitment."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is also provided that the prisoner may obtain a hearing before a magistrate upon the question whether he has been previously convicted. The filing of the order is a condition precedent to the review before the magistrate. In this case the commissioner of correction has not filed or transmitted any order or certificate at all. By reason of his failure to transmit such order the relator has been denied her right to a hearing before the magistrate upon the question as to whether she has been previously convicted. The question here presented is, not whether the relator shall be discharged, but merely whether the commissioner of correction should be directed to transmit the order as required by statute.

The motion is granted. Settle order on notice.

A difference of opinion having arisen as to the interpretation to be placed upon the order that has been made, a more explicit statement seems to be necessary. It is the opinion of the court that, if the certificate of the commissioner of correction shall disclose that the relator has not been previously convicted, she is entitled to her discharge at the expiration of five days, without the approval of the magistrate being indorsed upon the order of discharge.